[Cite as *State v. Minite*, 2011-Ohio-3585.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95699**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH MINITE

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED IN PART; REVERSED IN
PART; AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-531532 and CR-531739

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 21, 2011

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    John P. Colan
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ALSO LISTED**

Joseph Minite
Inmate No. 581-245
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Joseph Minite, appeals the trial court's judgment sentencing him to a four-year prison term following his guilty plea to five counts of receiving stolen property and one count of theft.  For the reasons set forth below, we affirm in part, reverse in part, and remand the case to the trial court for the limited purpose of properly imposing postrelease control pursuant to R.C. 2929.191.

{¶ 2} In December 2009, the Cuyahoga County Grand Jury charged appellant in two separate indictments for various offenses occurring in the parking lots of the Cleveland Metroparks Zoo and Bally's Total Fitness. In both instances, appellant was arrested after witnesses observed him suspiciously peering into parked cars. When appellant was searched, the police found several stolen credit cards on his person. After an investigation, the detectives were able to obtain video surveillance of appellant using the stolen credit cards at various gas stations, department stores, and ATMs.

{¶ 3} In Case No. CR-531532, appellant was charged with five counts of receiving stolen property and two counts of forging identification cards. In Case No. CR-531739, he was charged with two counts of theft, one count of breaking and entering, one count of criminal damaging, and one count of misuse of credit cards. All offenses were fifth-degree felonies.

{¶ 4} On January 19, 2010 appellant entered into a plea agreement with the state. Pursuant to the plea agreement, appellant pled guilty to five counts of receiving stolen property in Case No. CR-531532 and to one count of theft in Case No. CR-531739. The remaining counts were dismissed. At appellant's sentencing hearing, the trial court sentenced him to eight months on each of the six counts, and ordered them to be served consecutively, for an aggregate four-year term of imprisonment. The only advisement regarding postrelease control was the trial court's statement at the end of the proceeding, "you've got three years postrelease control when you come out." However, appellant's sentencing journal entry stated, in pertinent part:

**{¶ 5}** "Postrelease control is part of this prison sentence for up to 3 years for the above felonies under R.C. 2967.28. Defendant advised that if postrelease control supervision is imposed following his release from prison and if he violates that supervision or condition of postrelease control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender."

**{¶ 6}** Appellant filed this timely appeal, raising two assignments of error through counsel and three supplemental assignments of error pro se.

## Law and Analysis

## I

**{¶ 7}** Through counsel, appellant raises two assignments of error for review:

**{¶ 8}** I. "The trial court erred in improperly imposing postrelease controls, thus resulting in a void sentence."

**{¶ 9}** II. "The trial court erred in sentencing appellant to consecutive terms of imprisonment without making the findings required under R.C. 2929.14(E)(4)."

## Postrelease Control

**{¶ 10}** In his first assignment of error, appellant argues that the trial court erred by improperly imposing postrelease controls, rendering his entire sentence void. Appellant acknowledges that the sentencing entry correctly states the applicable term of postrelease control. However, he argues that under Ohio law, where the trial court fails to properly

impose postrelease control at sentencing, the remedy is to remand the case to the trial court for a sentencing hearing pursuant to R.C. 2929.191.

{¶ 11} If a court imposes a prison sentence that includes a term of postrelease control, the court must notify the offender, both at the sentencing hearing and in its journal entry, that the parole board could impose a prison term if the offender violates the terms and conditions of postrelease control.   R.C. 2929.191(B)(1).

{¶ 12} Upon our review of the record, we find that the trial court failed to notify appellant at sentencing that if he violates a condition of postrelease control, the parole board could impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the appellant.   R.C. 2929.19(B)(3); *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶2.

{¶ 13} The General Assembly enacted R.C. 2929.191 in order to establish a procedure to remedy a sentence that fails to properly impose a term of postrelease control. The Ohio Supreme Court recently held that, "[f]or criminal sentences imposed on or after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus.

{¶ 14} The *Singleton* court stated:   "Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control.   It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: [1] those who did not receive notice at

the sentencing hearing that they would be subject to postrelease control, [2] those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or [3] those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, *after conducting a hearing with notice to the offender*, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." (Emphasis added.) Id. at ¶23.

{¶ 15} The state contends that this is harmless error, arguing that appellant is not prejudiced by the trial court's error at sentencing because the trial court corrected its error in the sentencing entry. We find this contention to be without merit.

{¶ 16} Appellant is entitled to a hearing where postrelease control can be properly imposed. See *Singleton*; *State v. Kelley*, Cuyahoga App. Nos. 94487 and 94488, 2011-Ohio-88; *State v. Nicholson*, Cuyahoga App. No. 95327, 2011-Ohio-14. The trial court had an affirmative obligation under R.C. 2929.19(B)(3)(e) to inform appellant that he could face up to one-half of his originally stated prison term for violating his postrelease control. The trial court's failure to provide the required notice under R.C.

2929.19(B)(3)(e) cannot be corrected by the trial court's inclusion of the language in its sentencing journal entry.

{¶ 17} Appellant is entitled to notice that he is subject to a discretionary three-year period of postrelease control and the consequences associated with any subsequent violation of its terms. Accordingly, we reverse appellant's sentence and remand to the trial court for the limited purpose of the proper imposition of postrelease control pursuant to R.C. 2929.191.

### Consecutive Sentences

{¶ 18} In his second assignment of error, appellant argues that the trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(E)(4) and asserts that the holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, is no longer valid in light of *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

{¶ 19} The Ohio Supreme Court recently rejected this argument in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. The Court concluded that *Ice* did not require it to depart from its holding in *Foster* "[b]ecause there is no constitutional requirement that a judge make findings of fact before imposing consecutive sentences," and requiring resentencing to include findings of fact would "disrupt reasonable and settled expectations of finality" and impose an "undue burden on our judicial system." *Hodge* at ¶30-32.

{¶ 20} Appellant's second assignment of error is overruled.

## II

{¶ 21} Appellant raises three supplemental assignments of error pro se:

{¶ 22} I. "Defendant-Appellant was denied of his due process and fundamental fairness when the trial judge exhibited deep-seated bias in violation of appellant's right to impartial tribunal under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Ohio Constitution."

{¶ 23} II. "Defendant-Appellant's right to due process was violated where the indictments in case No. CR-531532 and CR-531739 are products of bootstrapping in violation of the Fifth, and Fourteenth Amendments to the United States Constitution, and Article 1 Section 16 of the Ohio Constitution."

{¶ 24} III. "Appellant's trial counsel's performance fell below reasonable professional assistance in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

### Judicial Bias

{¶ 25} In his first supplemental assignment of error, appellant argues that he was denied due process of law and fundamental fairness when the trial judge exhibited a deep-seated bias against him during the sentencing hearing. Appellant specifically claims that this bias resulted in the trial court's refusal to place him in a rehabilitation program. Appellant submits that he is entitled to a discharge of his guilty plea based on the trial judge's personal bias.

{¶ 26} This court lacks jurisdiction to consider appellant's first supplemental assignment of error. "The Chief Justice of the Ohio Supreme Court, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Section 5(C), Article IV, Ohio Constitution.

{¶ 27} R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced. *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 132 N.E.2d 191, paragraph three of the syllabus; *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 663 N.E.2d 657. A litigant who believes that the trial judge should be disqualified must file an affidavit of bias or prejudice with the clerk of the supreme court pursuant to R.C. 2701.03. Id.

{¶ 28} Since only the Chief Justice or her designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of the trial court because of bias or prejudice of the judge. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775. See, also, *State v. Bacon*, Cuyahoga App. No. 85475, 2005-Ohio-6238, ¶66.

{¶ 29} If appellant believed that the trial judge should be removed from his case due to bias or prejudice against him, his exclusive remedy was to file an affidavit of disqualification pursuant to R.C. 2701.03. Since appellant failed to comply with the procedures set forth in R.C. 2701.03, this court lacks jurisdiction to decide the merits of his first supplemental assignment of error.

{¶ 30} Appellant's first supplemental assignment of error is overruled.

**Indictment**

{¶ 31} In his second supplemental assignment of error, appellant argues that the charges filed against him did not constitute felony offenses and violated the double jeopardy clause of the Fifth Amendment of the United States Constitution. Appellant submits that, based on the defective and unconstitutional nature of the indictment, his charges must be dismissed in the interest of justice. Despite appellant's contentions, the indictments and the information presented to the grand jury constituted felony offenses under the statutory scheme.

{¶ 32} In the instant matter, appellant was arrested after the police received numerous complaints from witnesses that he was peering into cars parked in the parking lots at the Cleveland Metroparks Zoo and Bally's Total Fitness. Upon his arrest, the police discovered several stolen credit cards on appellant's person that he had previously stolen from the cars parked at the zoo and fitness center. Further, detectives obtained video surveillance from surrounding businesses and ATMs that showed appellant using the stolen credit cards. Based on the facts and circumstances surrounding appellant's arrest, he was indicted on various offenses, including theft in violation of R.C. 2913.02 and receiving stolen property in violation of R.C. 2913.51.

{¶ 33} R.C. 2913.71, entitled "Degree of Offense When Certain Property Involved," provides that "[r]egardless of the value of the property involved and regardless of whether the offender previously has been convicted of a theft offense, a violation of section 2913.02 or 2913.51 of the Revised Code is a felony of the fifth degree if the

property involved is * * * a credit card." Therefore, appellant's indictment correctly indicated that the charges presented to the grand jury constituted felony offenses because they involved the use of stolen credit cards.

{¶ 34} Appellant also argues that the indictment violated the double jeopardy clause of the Fifth Amendment based on the inclusion of duplicate charges arising out of the same set of circumstances. The guarantees against double jeopardy secured by the Fifth Amendment to the United States Constitution and by Section 10, Article I, of the Ohio Constitution protect criminal defendants from being placed in jeopardy twice for the same offense, but not necessarily the same conduct. *State v. White*, Cuyahoga App. No. 92972, 2010-Ohio-2342.

{¶ 35} Here, appellant was indicted on various charges arising out of the same set of circumstances because his conduct constituted numerous offenses and injured numerous victims. The charges included in appellant's indictment were not merely duplicates of the same criminal offense, and therefore did not violate his Fifth Amendment rights. Further, the indictments sufficiently informed appellant of the nature of the criminal accusations and provided him with the information necessary to prepare his defense.

{¶ 36} Appellant's second supplemental assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶ 37} In his third supplemental assignment of error, appellant argues that he was denied the effective assistance of counsel based on his trial counsel's failure to

investigate the claims and charges brought against him. Appellant contends that his trial counsel improperly advised him to enter a plea agreement without adequately investigating and challenging the state's defective indictments. Appellant submits that his denial of effective assistance of counsel renders his guilty plea involuntary and invalid.

{¶ 38} It is well established that a guilty plea waives the defendant's right to claim he was prejudiced by the ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶47. Thus, to prove a claim of ineffective assistance of counsel with a guilty plea, appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203.

{¶ 39} A review of the record does not support appellant's contentions. As discussed, appellant's indictments were not defective, and his trial counsel did not err in advising him to enter a guilty plea in compliance with the state's proposed plea agreement. Pursuant to the plea agreement, appellant pled guilty to only five of the 12 counts he was charged with and received a sentence that was below the maximum penalty permitted by statute. Appellant provides no specific examples of his trial counsel's deficient performance and has failed to demonstrate that, but for counsel's errors, he would not have pled guilty.

**{¶ 40}** Appellant's third supplemental assignment of error is overruled.

Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR