[Cite as *State v. Wright*, 2013-Ohio-936.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98345**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WESLEY WRIGHT

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-498291

**BEFORE:**    Blackmon, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**    March 14, 2013

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Kristen L. Sobieski
Katherine Mullen
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}**  Appellant Wesley Wright appeals his conviction and assigns the following errors for our review:

> **I. Appellant was not afforded effective assistance of counsel.**
>
> **II. The charge of gross sexual imposition was errant upon its face due to the incorrect dates being noted within the amended charge.**

**{¶2}**  Having reviewed the record and pertinent law, we affirm Wright's conviction.   The apposite facts follow.

**{¶3}**  On July 9, 2007, the Cuyahoga County Grand Jury indicted Wright on four counts of unlawful sexual conduct with a minor and one count of rape.   The trial court issued a capias for Wright, who was eventually arrested on March 25, 2008.   The following day, Wright pleaded not guilty at his arraignment, was declared indigent, and counsel was appointed for his defense.

**{¶4}**  On February 9, 2009, after numerous pretrials had been conducted, and after two successive appointed counsel had filed motions to withdraw as counsel, a jury trial commenced.   On February 13, 2009, the jury returned guilty verdicts on all counts of the indictment.   On March 6, 2009, the trial court imposed a 25-year prison term, and Wright appealed.

**{¶5}** In *State v. Wright*, 8th Dist. No. 93068, 2011-Ohio-3575,[1] we vacated Wright's four convictions for unlawful sexual conduct with a minor, reversed the rape conviction, and remanded the matter. The state appealed, but the Ohio Supreme Court declined jurisdiction. *State v. Wright*, 130 Ohio St.3d 1494, 2011-Ohio-6556, 958 N.E.2d 957.

**{¶6}** On April 24, 2012, following our remand and the Ohio Supreme Court's declining review, Wright and the state reached a plea agreement. Pursuant to the agreement, the state would amend the rape charge and Wright would plead guilty to gross sexual imposition, a fourth-degree felony. Wright entered the guilty plea to the amended charge, and the trial court imposed an 18-month sentence. The trial court order Wright released, because he had already served three years in prison.

### Ineffective Assistance of Counsel

**{¶7}** In the first assigned error, Wright argues he was denied the effective assistance of counsel, because defense counsel's performance was deficient at the plea and sentencing hearing.

**{¶8}** To establish a claim for ineffective assistance of counsel, Wright must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110

---

[1]A detailed account of the underlying facts and history of the case are contained in this decision.

S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland*, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id*. at 688.

{¶9} Preliminarily, we note, in the instant case, on remand to the trial court, Wright faced a single count of rape, in violation of R.C. 2907.02(A)(1)(b), for unlawful sexual conduct with a minor under 13 years of age. As originally indicted, this charge carried a maximum penalty of life in prison. R.C. 2907.02(B).

{¶10} However, the defense counsel, who Wright now alleges was ineffective, negotiated a plea to an amended charge of gross sexual imposition, a fourth-degree felony with a maximum exposure of 18 months. By any standard, a defense counsel that reduces a defendant's exposure from life imprisonment to a maximum of 18 months in prison, could not be considered ineffective.

{¶11} Further, it is well established that a guilty plea waives the defendant's right to claim he was prejudiced by the ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 47 (8th Dist.).

{¶12} Thus, to prove a claim of ineffective assistance of counsel with a guilty plea, appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Minite*, 8th Dist. No. 95699, 2011-Ohio-3585, citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶13}   A review of the record does not support Wright's contentions.   At the plea hearing, the trial court informed Wright of his constitutional rights, including the right to trial and the right to subpoena witnesses, and ensured that he understood that he was waiving those rights by pleading guilty. In addition, Wright indicated that he was not threatened nor promised anything to enter the guilty plea; that he was satisfied with his attorney; and that he understood that by pleading guilty, he would be admitting the truth of the charge.

{¶14}   Further, after Wright pleaded guilty and prior to being sentenced, the following exchange took place:

> **The Court:   What do you want to say on your own behalf, Mr. Wright?**
>
> **The Defendant:      That I understand what's going on and that I am apologizing for my actions.**  Tr. 18.

{¶15}   Here, Wright had provided no specific examples of defense counsel's deficient performance and has failed to demonstrate that, but for defense counsel's alleged errors, he would not have pled guilty to the amended charge.   Thus, we find that he was not denied the effective assistance of counsel.

{¶16}   Moreover, we are not as confident as Wright in his postconviction assertion that he would have been acquitted of the rape charges had he gone to trial.   In our decision on Wright's prior appeal, we stated:

> **\* \* \* [I]t would have been possible to prove that Wright committed the crimes with S.P. in Cuyahoga County without necessitating the introduction of evidence regarding what happened in West Virginia and Tennessee. Accordingly, the other acts testimony was not**

**admissible under the common scheme, plan, or system exception.** *Wright*, 8th Dist. No. 93068, 2011-Ohio-3575, ¶ 50.

{¶17} Nothing in the record before us would persuade us to depart from our pronouncements above. *Id.* Accordingly, we overrule the first assigned error.

### Defective Indictment

{¶18} In the second assigned error, Wright argues the amended charge of gross sexual imposition was defective because the trial court referenced the incorrect dates of the alleged offenses. We find no merit to Wright's assertion.

{¶19} A guilty plea is a complete admission of guilt. Crim.R. 11(B)(1). By pleading guilty, a defendant waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. *State v. Ramsey*, 3d Dist. No. 9-10-55, 2012-Ohio-134, ¶ 15, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings. *Id.* at ¶ 16, citing *Ross v. Common Pleas Court of Auglaize Cty.*, 30 Ohio St.2d 323, 285 N.E.2d 25 (1972).

{¶20} In this case, despite Wright's postsentence allegation of ineffective assistance of counsel, we conclude that Wright knowingly, intelligently, and voluntarily pleaded guilty to the amended charge of gross sexual imposition. By voluntarily entering a guilty plea, Wright waived his right to a direct appeal of any alleged defects in the

indictment. *See State v. Salter*, 8th Dist. No. 82488, 2003-Ohio-5652, citing *Stacy v. Van Coren*, 18 Ohio St.2d 188, 248 N.E.2d 603 (1969).

**{¶21}** Here, voluntarily pleading guilty while being represented by counsel and while admitting that there was a factual basis for the plea, constitutes a waiver of attack upon any alleged defects in the indictment. Although the trial court allegedly referenced the incorrect date, it does not affect the validity of Wright's conviction. Accordingly, we overrule the second assigned error.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR