[Cite as *State v. Ellerb*, 2014-Ohio-1231.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99958**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANTEZ ELLERB

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568229-A

**BEFORE:** Blackmon, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Erika B. Cunliffe
Assistant County Public Defender
310 lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Adrienne E. Linnick
Assistant Prosecuting Attorney
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Deantez Ellerb appeals his convictions and assigns the following errors for our review:

> I.  Counsel's conduct at sentencing violated Mr. Ellerb's Sixth Amendment right to the effective legal assistance and caused the court to impose a more lengthy sentence than it would have otherwise.

> II. The trial court violated Mr. Ellerb's Sixth Amendment right to counsel of choice when it penalized him by doubling his prison sentence for exercising that right.

{¶2} Having reviewed the record and pertinent law, we affirm Ellerb's conviction.   The apposite facts follow.

{¶3} On May 21, 2012, police officers from the city of Euclid attempted to effect a traffic stop of the car Ellerb was driving.   Ellerb refused to stop and proceeded to drive at a high rate of speed, along residential streets, in an attempt to elude the officers. Ellerb ultimately crashed his car, badly injuring the front seat passenger.

{¶4} On November 26, 2012, the Cuyahoga County Grand Jury indicted Ellerb on one count of failure to comply, with a furthermore clause specifying that the operation of the motor vehicle was a proximate cause of physical harm to persons or property.   The grand jury also indicted Ellerb on one count of aggravated vehicular assault, with a furthermore clause specifying that the offender was driving under suspension.

{¶5} On December 12, 2012, Ellerb was declared indigent, the trial court appointed counsel for his defense, Ellerb pleaded not guilty to the charges, and was

placed on court-supervised release pending trial. On April 30, 2013, after a series of pretrials had been conducted, Ellerb reached a plea agreement with the state.

{¶6} Pursuant to the bargain, Ellerb agreed to plead guilty to failure to comply, as amended to delete the furthermore specification. In addition, Ellerb agreed to plead guilty to aggravated vehicular assault as charged in the indictment. In exchange for the foregoing pleas, the state agreed to recommend that the trial court sentence Ellerb to one year in prison.

{¶7} At the time scheduled to enter the pleas, Ellerb indicated that his relationship with the court-appointed attorney had deteriorated and his family had taken steps to hire new counsel. After discovering that new counsel had not been properly retained, the trial court appointed the public defender's office to represent Ellerb.

{¶8} Following a two-hour recess, Ellerb indicated that he was prepared to enter pleas pursuant to the aforementioned agreement. The trial court explained that it was not part of the agreement reached between the state, defense counsel, and Ellerb. In addition, the trial court advised Ellerb that it could impose more than the recommended sentence of one year. Thereafter, Ellerb entered the pleas.

{¶9} On May 7, 2013, the trial court sentenced Ellerb to consecutive prison terms of six months for failure to comply and 18 months for aggravated vehicular homicide for a total of 24 months.

## Ineffective Assistance of Counsel

{¶10} In the first assigned error, Ellerb argues that his newly retained counsel was ineffective at sentencing.

{¶11} To demonstrate ineffective assistance of counsel, defendants must satisfy both parts of a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendants must first show that their trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* Second, defendants must establish that counsel's "deficient performance prejudiced the defense." *Id.* The failure to prove either prong of the *Strickland* test is fatal to a claim of ineffective assistance. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, *supra*.

{¶12} Further, in order to prove a claim of ineffective assistance of counsel with a guilty plea, Ellerb must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. As we have previously recognized:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice (which impairs the knowing and voluntary nature of the plea) may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim  that the accused was prejudiced by

constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5.

**{¶13}** Ellerb argues that his newly retained counsel was ineffective for filing a sentencing memorandum in mitigation requesting community control sanctions and for having the severely injured victim speak on his behalf. Specifically, Ellerb contends that counsel's decisions resulted in the trial court increasing his sentence. A review of the record does not support Ellerb's contentions.

**{¶14}** At the outset, we note that the record reveals that prior to accepting the pleas, the trial court advised Ellerb that it was not bound by the agreement reached between the state, defense counsel, and Ellerb. The following relevant exchange took place:

| | |
|---|---|
| The Court: | Okay. Now, I am not a part of the plea agreement. It's — the agreement is between you, your lawyer and the state. So if at the appropriate time of sentencing I feel that you should be sentenced to more than one year, then at that time I will let you withdraw your plea. Do you understand that? |
| The Defendant: | Yes, Your Honor. |
| The Court: | I am not part of your plea agreement. Okay? |
| The Defendant: | Okay. Tr. 34-35. |

{¶15} It is clear from the above excerpt that the trial court placed Ellerb on notice that it could impose a prison sentence that was greater than what the state had recommended. In addition, the trial court advised Ellerb that it would even allow him to withdraw the plea, if it decided to impose a greater sentence.

{¶16} Further, the record indicates that the trial court warned Ellerb that if he tested positive for marijuana, failed to show up for sentencing, or failed to show up for court-supervised release, it would sentence him to six-and-one-half years. Tr. 40. Thus, Ellerb should have had no doubts prior to pleading guilty that he could be sentenced to more time than the state recommended.

{¶17} At the sentencing hearing, Ellerb appeared with newly retained counsel, his third in this matter, who Ellerb now contends was deficient for failing to familiarize herself with the applicable law and the plea agreement that included the recommendation of a one-year prison sentence.

{¶18} We acknowledge that counsel's decision to file a sentencing memorandum advocating for community control sanctions suggests that counsel was unfamiliar with details of the plea agreement. However, for reasons to be discussed below, Ellerb was not prejudiced.

{¶19} The newly retained counsel also invited the victim, Candice Avery, to speak in mitigation. Avery indicated that she had spent three months in the hospital following the car accident, believed Ellerb was remorseful, and did not desire to see him being sent to prison. Ellerb contends that counsel's decision to have the victim present only served

to demonstrate the severity of Avery's injuries and that caused the trial court to increase the sentence. Again, we fail to see how Ellerb was prejudiced.

{¶20} The record indicates that immediately after Avery's brief statement, the prosecutor addressed the court as follows:

> Your Honor, you just heard from Candice Avery in regards to her injuries. Just to make sure everything is covered, she did have approximately six surgeries during her three months in the hospital, first at Hillcrest, then St. Vincent. Fortunately she has medical expense coverage for that. She had fractured her neck, that was the first surgery. She had a broken and shattered jaw which she had plates inserted. Broken nose, broken teeth. Broke both ankles. She had a trach in at one time. Trouble walking, hobbled through physical therapy. Tr. 51-52.

{¶21} It is conceivable, if not customary, that the prosecutor would have made the above statements whether or not Avery had been present for the hearing. Thus, the facts of Avery's injuries and her arduous recovery would have come to light without her presence. As such, Ellerb cannot establish that he was prejudiced by counsel's decision to have Avery present.

{¶22} After hearing from the parties, the trial court indicated that based on the seriousness of the offense, it did not think the recommended sentence of one year was appropriate. The trial court then indicated that it would allow Ellerb to withdraw his guilty pleas and schedule trial within 30 days. However, notwithstanding the trial court's indication that he could withdraw his pleas and the clear evidence that the trial court intended to impose a sentence greater than one year, Ellerb declined to withdraw his pleas.

**{¶23}** The trial court proceeded to sentence Ellerb and stated in pertinent part as follows:

> So, based on the facts that I have heard and in light of your record that you have, Mr. Ellerb, the fact that you did cause serious physical harm — serious physical injury to the victim in this case, Candice Avery, she's listed as the victim in Count 2, and really, driving 85 miles an hour in a residential neighborhood, fleeing from the police, then having the accident where you caused such severe injuries is, in my opinion, reprehensible.
>
> Also, while you were on court-supervised release, you tested positive for marijuana and I had you remanded on one occasion because you continued to smoke even though you were warned not to.   Tr. 60-61.

**{¶24}** Here, despite Ellerb's contention that he was prejudiced by the aforementioned two decisions of counsel, he was on notice that the trial court was not a party to the plea bargain and was not bound by the recommended sentence.   In addition, Ellerb tested positive for marijuana while he was on court-supervised release.   Further, after accepting the plea, the trial court warned Ellerb that it would sentence him to six-and-one-half years if he tested positive for marijuana while awaiting sentencing. The trial court also noted that Ellerb was driving 85 miles an hour along residential streets as he fled from the police.   Thus, it is disingenuous for Ellerb to claim that the increased sentence was based solely on the complained of two decisions of counsel.

**{¶25}** Finally, when given the opportunity to withdraw his pleas, after the trial court clearly indicated that he was facing a greater sentence than what the state had recommended, Ellerb chose not to avail himself of that opportunity.   As previously noted, in order to prove a claim of ineffective assistance of counsel with a guilty plea, Ellerb must demonstrate that there is a reasonable probability that, but for counsel's

errors, he would not have pled guilty and would have insisted on going to trial. *Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936.

{¶26} Because Ellerb declined the trial court's offer to withdraw his plea, he has not established that he was prejudiced. As such, Ellerb has failed to satisfy the second prong of *Strickland* and this is fatal to his claim of ineffective assistance of counsel. Accordingly, we overrule the first assigned error.

## Counsel of Choice

{¶27} In the second assigned error, Ellerb argues the trial court penalized him by doubling his prison sentence when he exercised his right to the counsel of his choice.

{¶28} The right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense. *See State v. Keenan*, 8th Dist. Cuyahoga No. 89554, 2008-Ohio-807.

{¶29} In the instant case, nothing in the record indicates that the trial court penalized Ellerb for exercising his right to the counsel of his choice. Instead, the record indicates that the trial court appointed two separate counsel to represent Ellerb. When Ellerb appeared to enter his pleas, he indicated that he was displeased with the first attorney, prompting the trial court to appoint the second attorney. Ellerb proceeded to plead guilty pursuant to the plea agreement that was negotiated by the first court-appointed attorney. Ellerb then indicated that he was happy with the services of the second court-appointed attorney.

**{¶30}** At the sentencing hearing, Ellerb appeared with a third attorney; one retained by his family. As we have been discussing throughout, Ellerb claims the third attorney was ineffective and now claims the trial court penalized him for retaining counsel of his choice.

**{¶31}** However, as we discussed in the first assigned error, Ellerb failed to satisfy the prejudice prong of *Strickland*, thus his claim that counsel was ineffective fails. Further, as discussed in the first assigned error, the trial court clearly indicated to Ellerb that it was not a party to the plea agreement and was not bound by the sentence the state had recommended.

**{¶32}** Finally, as discussed in the first assigned error, when it became certain that the trial court was going to impose a greater sentence, and gave him the opportunity to withdraw his pleas, Ellerb declined the offer. The record indicates that the trial court advised Ellerb what it would do at the appropriate time and when that time came, the trial court did not depart from its previous advisement. As such, we find no merit to Ellerb's assertion that he was penalized for hiring counsel of his choosing. Accordingly, we overrule the second assigned error.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR