[Cite as *State v. Allen*, 2014-Ohio-3923.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100986

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON ALLEN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568025-A

**BEFORE:** McCormack, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd.
#613
Cleveland, OH 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Milko Cecez
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Brandon Allen, appeals from the judgment of the trial court, which accepted his guilty plea to one count of robbery. For the reasons that follow, we affirm.

{¶2} Allen was charged under a three-count indictment. Count 1 charged Allen with aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. Count 2 charged Allen with robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. And Count 3 charged Allen with kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree. All charges stem from an incident that occurred on April 30, 2011, while Allen was out on bond issued in another matter.

{¶3} Allen initially entered a plea of not guilty to the charges. On February 21, 2013, pursuant to a plea agreement, Allen withdrew his previously entered not guilty plea and pleaded guilty to amended Count 1, robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. As part of the plea agreement, Allen agreed to pay $10,250 in restitution, and the parties agreed and recommended that Allen receive the five-year maximum sentence to be served concurrently to a sentence Allen was serving in another matter. In exchange for the guilty plea, the state agreed to nolle the remaining counts. Prior to accepting Allen's plea, the court ensured that Allen understood the terms of the plea agreement and the fact that the court was not bound by the sentencing agreement.

Thereafter, the court engaged in a plea colloquy, accepted Allen's guilty plea and found him guilty of the amended charge, and nolled the remaining counts.

{¶4} On March 28, 2013, the trial court held a sentencing hearing, during which the court heard statements from Allen and his counsel. Defense counsel reminded the court that the recommended sentence was five years concurrent to Allen's current prison term on another matter. Allen then addressed the court. He took responsibility for the crime, expressed remorse, and asked the court for leniency. At this time, the court reminded Allen that the court is not bound by the plea agreement, to which Allen replied that he understood. The trial court then sentenced Allen to five years incarceration, to be served consecutive to Allen's prison term in a previous court case.

{¶5} Allen now appeals, claiming in his sole assignment of error that counsel was ineffective at his plea hearing for recommending Allen "consent to maximum time with the understanding that time will run concurrent."

{¶6} In order to establish a claim of ineffective assistance of counsel, Allen must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland*, our scrutiny of an attorney's representation must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. In Ohio, every

properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶7} In proving ineffective assistance in the context of a guilty plea, Allen must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and he would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. As this court has previously recognized:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5.

{¶8} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶9}** To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

**{¶10}** In this case, Allen essentially contends that he "[did not] really understand" that the court is not bound by a plea agreement and counsel was ineffective for not fully explaining Allen's rights under the agreement. We find that the record does not support Allen's claim.

**{¶11}** At the plea hearing, the state informed the court that Allen agreed to plead guilty to amended Count 1 and pay restitution, in exchange for a recommended sentence of five years concurrent to his current sentence in another matter. The state acknowledged on the record that the court is not bound by the sentence to which the parties agreed. Both the state and defense counsel advised the court that no threats or promises were made in exchange for Allen's guilty plea. Allen's counsel further advised the court that Allen understands the rights that he will be waiving and the consequences of his plea.

**{¶12}** The court began the hearing with the following exchange:

Court: Do you understand that the sentence that they are recommending to the court is a maximum sentence on this count, five years?  Do you understand that?

Allen:  Yes, the Honorable Judge * * *.

Court:  That they are recommending to the court to run it concurrent with two other cases, meaning to be served at the same time?

Allen:  Yes, the Honorable Judge * * *.

Court:  Do you understand that I do not have to go along with that recommendation and I could make the sentence consecutive to those two cases?

Allen:  Yes, the Honorable Judge * * *.

Court:  Do you understand that?

Allen:  Yes.

Court:  And understanding that, are you still desirous of going forward?

Allen:  Yes, ma'am.  It's my responsibility.

{¶13} Thereafter, the court ensured that Allen was not under the influence of any drugs or medication that would impair his understanding of the proceedings.  It also inquired of Allen's education.  Allen informed the court that he had 30 credit hours of college education towards an associate degree in business management.  The court then advised Allen of his constitutional rights and that by pleading guilty, he is admitting guilt and waiving those rights.  Allen indicated that he understood, stating, "I accepted the plea agreement.  That's it. * * * Nothing has been promised to me."

{¶14} Allen then assured the court that he was voluntarily pleading guilty to the amended Count 1 and he was satisfied with counsel's representation, stating, "I appreciate her, everything she did. She's worked hard for me." Counsel stated that she believed Allen's plea was entered knowingly, voluntarily, and intelligently, and that the court had satisfied the requirements of Crim.R. 11.

{¶15} In light of the above, we find that the record does not support Allen's claim that defense counsel was ineffective during his plea hearing. The record reflects that he understood the nature of the plea proceedings, particularly with respect to the jointly drafted recommended sentence.

{¶16} It is clearly understandable that where the defense and the prosecutor have agreed to a recommended sentence, an accused would have an expectation that an agreement had been reached. However, the court plays no role in negotiating the plea agreement itself, and only the court knows what sentence it will impose. The question then is whether the plea agreement, particularly with respect to an agreed recommended sentence, is truly "knowingly." Nonetheless, as the law stands today, once the court has advised a defendant of his rights and the defendant indicates to the court on the record that he understands the implication of his plea and the rights he is waiving, and he enters his guilty plea, the defendant is powerless to object to the actual sentence ultimately imposed. And upon review, this court cannot speculate. Rather it is confined to the record before it.

{¶17} Here, the record clearly indicates that prior to accepting Allen's guilty plea, the trial court specifically inquired whether Allen understood that the court is not bound by the parties' recommended sentence, to which Allen thrice replied in the affirmative. There is no indication in the record of confusion or hesitation. Rather, the record demonstrates that Allen's guilty plea was entered knowingly, voluntarily, and intelligently. Moreover, Allen has failed to provide any examples of defense counsel's alleged deficient performance and how that performance caused his plea to be less than knowing and voluntary.

{¶18} Allen's sole assignment of error is overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR