[Cite as *State v. Milczewski*, 2012-Ohio-1743.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97138

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL A. MILCZEWSKI

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-545998

**BEFORE:**   Keough, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   April 19, 2012

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, OH 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Jeffrey S. Schnatter
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In this delayed appeal, defendant-appellant, Michael A. Milczewski ("Milczewski"), challenges his guilty plea and the effectiveness of his trial counsel. For the reasons that follow, we affirm.

## I. Procedural History

{¶2} In January 2011, Milczewski was charged with one count of kidnapping, a second-degree felony, in violation of R.C. 2905.01(A)(3); one count of domestic violence, a third-degree felony, in violation of R.C. 2919.25(A), which included a prior conviction specification; and one count of disrupting public services, a fourth-degree felony, in violation of R.C. 2909.04(A)(3). After discovery was completed, Milczewski pled guilty to domestic violence as charged in the indictment, and the State nolled the remaining two counts. The trial court sentenced Milczewski to three years in prison.

## II. Ineffective Assistance of Counsel

{¶3} In his first assignment of error, Milczewski contends that he was not afforded effective assistance of counsel because his trial counsel failed to request that he be referred for a competency evaluation to determine competency and his eligibility for the Cuyahoga County Mental Health Court Docket.

{¶4} Reviewing a claim for ineffective assistance of counsel in entering a guilty plea, this court applies the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203

(1985). *See also State v. Hyde*, 8th Dist. No. 77592, 2001 WL 30205 (Jan. 11, 2001). "First, a defendant must show that his lawyer's performance was deficient and, second, that a reasonable probability exists that, but for his lawyer's errors, he would not have pleaded guilty." (Internal citations and quotations omitted.) *Xie* at 524, quoting *Strickland* and *Hill*.

{¶5} However, when a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

{¶6} In this case, Milczewski contends that his trial counsel's failure to request a competency evaluation caused his plea to be less than knowing and voluntary. However, Milczewski does not offer any evidence within the record to support his assertion that his plea was a result of his trial counsel's failure to explore the possibility of transferring his case to the mental health docket. Even if we would find that Milczewski's trial counsel

was deficient for failing to request a competency evaluation to determine whether Milczewski would qualify for the mental health docket, he has made no showing that but for the error, he would not have pled guilty. In fact, Milczewski does not even argue on appeal that he would not have pled guilty, but rather, that this alleged deficiency by counsel "adversely affected the sentence he received."

{¶7} Accordingly, we find that Milczewski failed to satisfy his burden in proving that his trial counsel's performance was deficient and that but for this deficiency he would not have pled guilty. His first assignment of error is overruled.

### III. Plea

{¶8} Milczewski contends in his second assignment of error that the trial court committed reversible error when it failed to comply with Crim.R. 11 and that his plea was not knowingly, intelligently, and voluntarily made.

{¶9} Milczewski raises three issues for this court to consider — that the trial court failed to advise him that (1) the court could proceed with judgment and sentence after accepting his plea; and (2) he could be charged with escape if he did not report for postrelease control. Additionally, Milczewski contends that because he was taking medications at the time of the plea and, as he told the court, was "emotionally disturbed," he could not make a knowing, voluntary, and intelligent plea.

{¶10} Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} Milczewski first contends that the trial court failed to comply with Crim.R. 11(2)(b) by failing to advise him that upon acceptance of his plea, the court could proceed with judgment and sentence.

{¶12} Courts have divided Crim.R. 11 rights into constitutional and nonconstitutional rights. Concerning constitutional rights, courts must strictly comply with Crim.R. 11 mandates; for nonconstitutional rights, the standard is substantial compliance. *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show prejudicial effect. *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.

{¶13} The rights contained in Crim.R. 11(C)(2)(b) are nonconstitutional; therefore, Milczewski is required to show that he suffered some prejudice from the court's

omission. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 52; *State v. Taylor*, 8th Dist. No. 94569, 2010-Ohio-5607.

**{¶14}** But Milczewski makes no argument that he was prejudiced by the trial court's failure to advise him that it could proceed with judgment and sentence after accepting his guilty plea, nor is any prejudice apparent in the record. The trial court did not proceed immediately with judgment and sentence; rather, the trial court set a hearing date approximately one month later and ordered that a presentence investigative report be prepared for sentencing. Accordingly, we find no error by the trial court.

**{¶15}** Milczewski also contends that the trial court failed to comply with Crim.R. 11(C)(2)(a) by failing to advise him that he could be charged with escape if he did not report for postrelease control. Again, the rights contained in Crim.R. 11(C)(2)(a) are nonconstitutional; thus, substantial compliance is sufficient. To substantially comply with Crim.R. 11(C)(2)(a), this court has found that the trial court must advise a defendant of any mandatory postrelease control period at the time of the defendant's plea. *State v. Conrad*, 8th Dist. No. 88934, 2007-Ohio-5717, ¶ 8.

> Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C). *State v. Griffin*, 8th Dist. No. 83724, 2004-Ohio-4344, ¶ 13, citing *State v. Jones*, 8th Dist. No. 77657, 2001 WL 605406 (May 24, 2001), *discretionary appeal not allowed*, 93 Ohio St.3d 1434, 755 N.E.2d 356 (2001).

**{¶16}** In *State v. McDuffie*, 8th Dist. No. 96721, 2011-Ohio-6436, this court concluded that an advisement of the term of postrelease control, coupled with an

advisement that the defendant could face additional prison time if he failed to follow the terms of postrelease control, substantially complied with Crim.R. 11(C)(2)(a). *Id*. at ¶ 22-23.

{¶17} In this case, the trial judge advised, "Post release control will be a part of the sentence. Upon the completion of your prison term you would be subject to a mandatory three-year period of post release control, which if you violate would cause you to face additional prison sanctions of up to one-half of this [c]ourt's original sentence." We find that this advisement substantially complies with Crim.R. 11(C)(2)(a). Moreover, nothing in this rule requires the trial court to advise the defendant that he could be charged with escape if he failed to report for postrelease control. Therefore, we find no error by the trial court.

{¶18} Milczewski's final argument is that his plea should be vacated because "due to [his] emotional state and condition at the time, * * * his plea was not knowingly, voluntarily, and intelligently made."

{¶19} During the plea colloquy, Milczewski admitted he was taking prescription medications at the time of his plea. However, he denied that those medications affected his judgment or prohibited him from understanding the proceedings. The trial judge asked Milczewski during this colloquy whether he was feeling "clear headed." On appeal, Milczewski contends that his response to the court that he was "emotionally disturbed" at the time of the plea should have alerted the trial court that it should not have taken his plea. However, the record reflects that the trial judge made further inquiry

about what "emotionally disturbed" meant. Milczewski explained that he had "a lot of depression." When the trial court asked whether he had "any trouble understanding what we've talked about today," Milczewski stated, "No. I understand." The trial court then expressly asked if he understood he would be pleading guilty to domestic violence with notice of prior conviction, a third degree felony, and that the charge carried a prison term. Again, Milczewski stated he understood by affirmatively stating "yes."

{¶20} The trial court also questioned defense counsel whether Milczewski's demeanor during counsel's prior interactions with him was different than at the plea colloquy. Counsel indicated that Milczewski's demeanor and lucidity were consistent. Counsel stated that he spoke to Milczewski prior to the plea colloquy where he explained the plea, the effects of the plea, the elements of the offense, the constitutional and statutory rights Milczewski would be waiving by taking the plea, and the possible fines and mandatory jail time. Defense counsel told the trial court he believed Milczewski understood what was conveyed to him. Accordingly, the record reflects that Milczewski made his plea knowingly, intelligently, and voluntarily. Milczewski's second assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR