[Cite as *State v. Lewis*, 2017-Ohio-4296.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104637**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DUSEAN E. LEWIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-601865-A and CR-15-603548-A

**BEFORE:** Kilbane, J., Keough, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 15, 2017

**ATTORNEY FOR APPELLANT**

Kevin P. Shannon
Kehoe & Associates, L.L.C.
1940 East 6th Street
900 Baker Building
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Jonathan M. McDonald
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}   Defendant-appellant, Dusean Lewis ("Lewis"), appeals his sentence from his guilty plea in two separate cases.   For the reasons set forth below, we affirm.

{¶2}   Between September and December 2015, Lewis robbed a bank, a pizza shop, a fast-food restaurant, and a bakery located near the East 81st Street–Harvard Road area in Cleveland.   Lewis was eventually charged in two cases stemming from these robberies.   In December 2015, Lewis was charged in a six-count indictment in Cuyahoga C.P. No. CR-15-601865-A (bakery).   Count 1 charged him with aggravated robbery and carried one- and three-year firearm specifications.   Count 2 charged him with robbery and carried one- and three-year firearm specifications.   Count 3 charged him with kidnapping and carried one- and three-year firearm specifications.   Count 4 charged him with having a weapon while under disability.   Count 5 charged him with carrying a concealed weapon.   Count 6 charged him with petty theft.

{¶3}   In March 2016, while Lewis's other case was pending, Lewis was charged in a 16-count indictment in Cuyahoga C.P. No. CR-16-603548-A (bank, pizza shop, and fast-food restaurant).   Counts 1 and 3 charged him with robbery.   Counts 2, 4, 7, 10, and 11 charged him with kidnapping.   Counts 5, 8, and 12 charged him with theft.   Counts 6, 9, 14, 15, and 16 charged him with aggravated robbery.   Count 13 charged him with having a weapon while under disability.[1]

---

[1]Counts 7, 9, 10, 11, 14, 15, and 16 each carried one- and three-year firearm specifications.

**{¶4}** In April 2016, Lewis entered into a plea agreement with the state in both cases in which he pled guilty to seven of the indicted charges. In Case No. CR-15-601865-A, Lewis pled guilty to an amended count of aggravated robbery (relating to the bakery incident), with a one-year firearm specification, and to having a weapon while under disability. The remaining counts and specifications were nolled. As part of the agreement, Lewis agreed to: 1) no contact with the bakery; 2) pay restitution; and 3) a package deal with Case No. CR-16-603548-A.

**{¶5}** In Case No. CR-16-603548-A, Lewis pled guilty to one count of robbery (relating to the bank incident), an amended count of aggravated robbery, with a one-year firearm specification (relating to the pizza shop incident), two amended counts of aggravated robbery, with a one-year firearm specification (relating to the fast-food restaurant incident), and one count of having a weapon while under disability. The remaining counts and specifications were nolled. As part of his plea in this case, Lewis agreed to the following conditions: 1) no contact with the victims; 2) to pay restitution; 3) to add the victim's name in Count 6; and 4) a package deal with Case No. CR-15-601865-A. After accepting Lewis's guilty pleas, the trial court referred Lewis to the county probation department for a presentence investigation report ("PSI").

**{¶6}** In May 2016, the trial court held a sentencing hearing. In Case No. CR-15-601865-A, the court sentenced him to eight years on the aggravated robbery charge (one-year firearm specification to be served prior to seven years on the underlying charge) and thirty-six months on the having a weapon while under disability charge, to be

served concurrently to the aggravated robbery charge, for a total sentence of eight years. In Case No. CR-16-603548-A, the trial court sentenced Lewis to seven years on the robbery charge involving the bank, four years on the pizza shop aggravated robbery charge (one-year firearm specification to be served consecutively to three years on the underlying charge), four years each on both of the fast-food aggravated robbery charges (one-year firearm specification to be served consecutively to three years on the underlying charge), and thirty-six months on the having a weapon while under a disability charge. The court ordered that the sentences for the robbery and each aggravated robbery charge in Case No. CR-16-603548-A be served consecutively to each other and concurrently to the having a weapon while under disability charge for a total sentence of nineteen years. The court further ordered that the sentences in each case be served consecutively to each other for a total aggregate sentence of twenty-seven years in prison.

{¶7} It is from this order that Lewis now appeals, raising the following three assignments of error for review.

## Assignment of Error One

The trial court erred by failing to merge the two aggravated robbery counts related to the robbery at [the fast-food restaurant], as they were allied offenses of similar import.

## Assignment of Error Two

The court erred in imposing consecutive sentences upon [Lewis] when those sentences were not supported by the record and not consistent with sentences imposed on for similar crimes by similar offenders.

## Assignment of Error Three

[Lewis's] trial counsel was ineffective for failing to address the mental health issues raised in the [PSI] prior to sentencing.

Merger

{¶8} In the first assignment of error, Lewis argues that the trial court erred when it failed to merge the two aggravated robbery counts involving the incident at the fast-food restaurant.

{¶9} Initially, we recognize the Ohio Supreme Court has found that "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. The court further explained that

> an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*Id.* Here, Lewis did not raise the issue of allied offenses at sentencing. Therefore, we review Lewis's assigned error under a plain error standard.

{¶10} Under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if: (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately, or (3) the offenses were committed with

separate animus or motivation. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

**{¶11}** The *Ruff* court explained that two or more offenses are dissimilar within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. Two or more offenses of dissimilar import are not subject to merger because the harm to each victim is "separate and distinct." *Id.* at ¶ 26.

**{¶12}** In the instant case, the facts demonstrate that Lewis entered the fast-food restaurant brandishing a silver handgun. He then went behind the counter toward the register where Matthew Fawkner ("Fawkner") was standing. Lewis ordered Fawkner to take the money from the register and put it into a bag. Lewis then ordered Fawkner, at gun point, to the back of the restaurant to the safe and where Priscilla Gwyn ("Gwyn"), another employee, was standing. Lewis ordered Gwyn to put the cash from the safe into his bag. Lewis then fled the scene. Based on these facts, the aggravated robbery counts were not committed with the same conduct because Lewis's conduct involved separate victims. Therefore, the offenses are not allied and are not subject to merger. As a result, Lewis cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

**{¶13}** Accordingly, the first assignment of error is overruled.

<u>Consecutive Sentences</u>

**{¶14}** In the second assignment of error, Lewis contends that the trial court erred in imposing consecutive sentences.

**{¶15}** When reviewing felony sentences, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

**{¶16}** R.C. 2929.14(C)(4) requires the trial court to engage in a three-step analysis when imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the

seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

{¶17} The trial court is not required to give a "talismanic incantation of the words of the statute" when imposing consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The Ohio Supreme Court has stated that

> a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Id.* at ¶ 29. Additionally, the trial court is required to incorporate its findings into its sentencing entry. *Id.* at the syllabus.

{¶18} Lewis argues the record does not support consecutive sentences and his sentence was disproportionate. In support of his argument, he relies on a case referred to by the trial court during sentencing. The trial court stated:

> [w]e've had a similar offense at the Caribe Bakery, and I know the only thing that makes your actions less severe than that one is that instance, the robber actually shot the lady as she was standing there. Here you had the gun and you were secreting yourself behind the mask and all, but the terror to the person is the same. I'm sure that [the victim] just wanted to go to work and do her job. She didn't go there expecting to have her life put on the line for selling some pastries.

{¶19} The defendant in the other case received a 20-year sentence. He contends his 27-year sentence was not supported by the record when he did not physically harm anyone like the defendant in the other case. We disagree.

**{¶20}** Here, the trial court referred to the other bakery in the context of discussing the seriousness of Lewis's conduct and the organization put forth by Lewis to commit the these crimes. We find the sentence imposed by the trial court was not disproportionate to the totality of the circumstances in Lewis's cases. A review of the record demonstrates that the trial court judge gave ample reasoning to support its findings under R.C. 2929.11 and 2929.12. Additionally, the trial court made the required R.C. 2929.14(C)(4) findings and incorporated those findings into the sentencing entry. The court considered the record, statements made at sentencing, and the PSI. The court stated:

> So here's what I find significant. Indicators your conduct is more serious under 2929.12(B).
>
> This is organized. Used a ski mask, hoodie, and gloves so that you could escape detection by a viewer as well as by DNA and other evidence.
>
> There is psychological harm to [the victim at the bakery]. She's scared to go to work now. She was the lady who was ducking down behind the counter, if I recall that video correctly.
>
> And I was at a similar bakery myself on Friday, and the lady was talking to me and there were other customers coming in, and I think I would be horrified if someone came in and tried to rob it. So I can imagine how the people at [the bakery] felt when you went into their store and robbed them at gunpoint.
>
> We've had a similar offense at [another bakery], and I know the only thing that makes your actions less severe than that one is that in that instance, the robber actually shot the lady as she was standing there. Here you had the gun and you were secreting yourself behind the mask and all, but the terror to the person is the same. I'm sure that [the victim] just wanted to go to work and do her job. She didn't go there expecting to have her life put on the line for selling some pastries.
>
> And all these events were organized. And you had to get a gun off the streets and you had to pick out targets, and people have talked about the

fact, in the PSI, that you were scoping them out by standing across the street, watching, picking your spot to go in and rob them.

Indicators your conduct is less serious under 2929.12(C).
The Court will accept that you had a difficult childhood; however, there are a lot of people that had difficult childhoods and they don't commit robberies. Why you had chosen that path, only you could answer.

Indicators you are more likely to reoffend under 2929.12(D).

This occurred while you were on post-release control, and you do have prior convictions. Not a great number compared to some of the other folks in the past through here. Minor things of a petty theft out in Parma, drug abuse of marijuana, and then [two robbery cases in 2014, where the trial court] imposed a 12-month sentence. I'm sure that [the trial judge's] intent was that you should turn things around and not come back to court; however, that is not what happened.

Indicators that you are less likely to reoffend under 2929.12(E).

You have expressed remorse.

You have worked odd jobs before, but those are really overbalanced by the harm that was caused here to the people and to the community by a spree of robberies. Nobody felt safe. And, in particular, people at [the bakery], and they were the last ones to be robbed.

* * *

The Court finds consecutive sentences are necessary to protect the public and to punish the defendant, who started this crime spree sometime in September and didn't stop until December. The Court finds that it's not disproportionate to the seriousness of the offense. This is not a matter of going in and smash and grab or some things like that. You came in with a gun, fully blanketed to make yourself unrecognizable and with gloves so that you wouldn't give off DNA, and you rob people. And, in that respect, professionally done. And when you had moved up to things when you're acting like a professional and robbing in the community, that's serious. These weren't spur of the moment things. You camped out outside the stores and you intended to victimize these places.

Under 2929.14(C)(4), the Court also finds that at least two or more multiple offenses were committed as part of one or more courses of conduct, and the harm caused by these two or more offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct would adequately reflect the seriousness of your conduct.

The Court also finds that in the alternative, the fact that you had just gotten out of prison for committing two robberies and then you go back, and now you're again in the advanced stages or advanced placement of robbery because you've refined your technique by surveillance, firearm, secreting yourself under the hood and such, so your history of criminal conduct as a robber demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

**{¶21}** Based on the foregoing, the trial court thoughtfully set forth all of the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences and gave ample reasoning to support its findings under R.C. 2929.11 and 2929.12. Therefore, we do not find that Lewis's sentence is contrary to law.

**{¶22}** Accordingly, the second assignment of error is overruled.

<u>Mental Health Issues</u>

**{¶23}** In the third assignment of error, Lewis argues trial counsel was ineffective for not addressing the mental health issues in the PSI.

**{¶24}** When reviewing a claim for ineffective assistance of counsel in entering a guilty plea, this court applies the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). *See also State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743. "'First, the defendant must show that counsel's performance was deficient' [ and, second,] 'the defendant must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty.'"  (Internal citations and quotations omitted.)  *Xie* at 524.

**{¶25}** We have stated that "a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary."  *Milczewski* at ¶ 5, citing *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

**{¶26}** In this case, Lewis stated in the PSI that he did not understand the charges. He also indicated in the PSI that he took some responsibility, but that he felt that the charges were ridiculous.  Defense counsel pointed this out at sentencing because he believed that Lewis "understands the nature of the charges and understood what he was doing when he took the plea."

**{¶27}** However, Lewis does not offer any evidence to demonstrate that his plea was a result of defense counsel's failure to request a psychiatric evaluation.  In fact, Lewis does not even argue on appeal that he would not have pled guilty, but rather, that this alleged deficiency by counsel adversely affected the sentence he received.

**{¶28}** Based on the foregoing, we find that Lewis did not satisfy his burden in proving that defense counsel's performance was deficient and that, but for this deficiency, he would not have pled guilty.

**{¶29}** Therefore, the third assignment of error is overruled.

**{¶30}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR