[Cite as *State v. Wright*, 2026-Ohio-1285.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 115514 |
| v. | : | |
| CHARLES WRIGHT, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688455-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

Eric M. Levy, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Charles Wright ("Wright") appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas ("trial court"), asserting ineffective assistance of counsel. We find that Wright has not shown that

defense counsel's assistance was deficient or that Wright's defense was prejudiced. Therefore, we affirm Wright's conviction and sentence.

**Relevant Facts and Procedural History**

{¶ 2} The charges in this case stem from events that took place between September 15, 2022, and April 9, 2023. In April 2023 Wright took his three children, L.W., C.W., and S.W. to a hospital emergency room. The hospital staff found that L.W.'s arm was fractured and there was significant bruising on his body. In addition, C.W. and S.W. also reported abuse by Wright. Consequently, the hospital staff contacted the Cuyahoga County Department of Children and Family Services ("CCDCFS") and all three children were forensically interviewed by CCDCFS. The interviews revealed that all three children reported significant abuse by Wright. C.W. reported to a social worker that Wright pulled on L.W.'s arm as punishment, causing the broken arm, and that Wright directed other children to inflict physical harm on L.W. S.W. used the word "drawers" to refer to her vagina. She reported that Wright touched her "drawers" with his penis and that he touched the inside of her "drawers."

{¶ 3} On January 24, 2024, a Cuyahoga County Grand Jury indicted Wright on eleven counts. The indicted charges were as follows:

Count 1 — Rape R.C. 2907.02(A)(1)(b), F1, (Victim S.W.);

Count 2 — Gross sexual imposition R.C. 2907.05(A)(4), F3, (Victim S.W.);

Count 3 — Endangering children R.C. 2919.22(B)(1), F2, (Victim L.W.);

Count 4 — Endangering children R.C. 2919.22(B)(1), F2, (Victim L.W.);

Count 5 — Endangering children R.C. 2919.22(B)(3), F3, (Victim L.W.);

Count 6 — Domestic violence R.C. 2919.25(A), F4, (Victim L.W.);

Count 7 — Endangering children R.C. 2919.22(B)(3), F3, (Victim S.W.);

Count 8 — Domestic violence R.C. 2919.25(A), F4, (Victim S.W.);

Count 9 — Endangering children R.C. 2919.22(B)(3), F3, (Victim C.W.);

Count 10 — Domestic violence R.C. 2919.25(A), F4, (Victim C.W.);

Count 11 — Domestic violence R.C. 2919.25(A), F4, (Victim L.W.).

Most of the charges included specifications or furthermore clauses, or both.

{¶ 4} On February 11, 2025, Wright pleaded guilty to amended charges as part of a negotiated plea agreement. He pleaded to Count 1 as amended to sexual battery in violation of R.C. 2907.03(A)(1), a second-degree felony, and Counts 3 and 9 as charged. The remaining counts and all specifications were dismissed. The trial court referred the case to the probation department for a presentence investigation and report.

{¶ 5} On April 8, 2025, the trial court held a sentencing hearing. The following exchanges took place during the sentencing hearing:

THE DEFENDANT: Now, I take full responsibility for my actions and I say I deserve prison time. There's good dads out here who would do good jobs, and I did a poor job of disciplining my children. I just hope the best for 'em, you know what I'm saying, that they recover. I hope that they recover and that the Children's Services help them. And maybe one day I can get back in their life if I get my mind straight and get everything together.

I could do programs in prison, whatever I want. I can do some programs to get my mind again, so I can be a citizen. And I started some classes in here, I completed parenting classes and a anger management course. I take full responsibility for my actions.

THE COURT: Do you take full responsibility for the sexual battery?

THE DEFENDANT: Now, my daughter, she said "drawers," I helped her put on her drawers, so it was nothing sexual.

THE COURT: So when she said that you touched her vagina with your penis, that's not accurate?

THE DEFENDANT: She didn't say that. Counsel said that she said "drawers," and I never used my penis, nothing on my daughter.

. . .

THE COURT: And how did [L.W.] break his arm?

THE DEFENDANT: I told a boy who was a baby-sitter and some kids that went to his school to kind of rough him up a little bit, because he wasn't listening to me. And he picked him up in the air and dropped him and that's how he broke his arm.

{¶ 6} The trial court sentenced Wright to an aggregate, indefinite prison term of 12 to 15 years. The breakdown of Wright's sentence by count was as follows: a prison term of six to nine years on the sexual battery, six years on the second-degree felony endangering children, and 36 months on the third-degree felony endangering children. The trial court ordered the sentences on the sexual battery and second-degree felony endangering children to be served consecutively and the sentence on the third-degree endangering children to run concurrently.

{¶ 7} Wright raised the following single assignment of error for our review:

Appellant was denied his constitutional right to the effective assistance of counsel when his trial counsel failed to move to withdraw appellant's

guilty plea after appellant made vehement protestations of innocence at his sentencing hearing.

**Law and Analysis**

{¶ 8} In his sole assignment of error Wright asserts that he was denied effective assistance of legal counsel when defense counsel did not move to withdraw Wright's guilty plea at the sentencing hearing and when the trial court did not state the elements of sexual battery during the plea colloquy.

{¶ 9} Pursuant to the United States and Ohio Constitutions defendants in all criminal prosecutions have the right to the assistance of counsel for their defense. *See* U.S. Const. amend VI and Ohio Const. art. I, § 10. The United States Supreme Court has further recognized that "the right to counsel is the right to *effective* assistance of counsel." (Emphasis added.) *Strickland v. Washington*, 466 U.S. 668, 686 (1984), quoting *McMann v. Richardson*, 397 U.S. 759, 771, fn. 14 (1970).

{¶ 10} "To establish a claim of ineffective assistance of counsel, [the appellant] must demonstrate that (1) his counsel was deficient in some aspect of his representation and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *In re S.A.*, 2019-Ohio-4782, ¶ 46 (8th Dist.), citing *Strickland* at 687-688. On review, "judicial scrutiny of an attorney's work must be highly deferential." *Strickland* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'" *Id.*, citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

{¶ 11} "The failure to make a showing of *either* deficient performance *or* prejudice defeats a claim of ineffective assistance of counsel." (Emphasis added.) *State v. Davenport*, 2018-Ohio-2933, ¶ 25 (8th Dist.), citing *Strickland* at 697. To put it even more explicitly, "The failure to prove either prong of *Strickland*'s two-part test makes it unnecessary for a reviewing court to consider the other prong." *State v. McCann*, 2025-Ohio-966, ¶ 18 (8th Dist.), citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). "Deficient performance, the first prong of the *Strickland* test, requires a showing 'that counsel's representation fell below an objective standard of reasonableness.'" *McCann* at ¶ 18, quoting *Strickland* at 688.

{¶ 12} "In Ohio, a properly licensed attorney is presumed competent." *State v. Hamblin*, 37 Ohio St.3d 153, 155-156 (1988), citing *Vaughn v. Maxwell* 2 Ohio St.2d 299, 301 (1965). Appellate courts review claims of ineffective assistance of counsel de novo. *State v. Munoz*, 2023-Ohio-1895, ¶ 15, (8th Dist.).

{¶ 13} "[W]hen a defendant enters a guilty plea as part of a plea bargain, [the defendant] waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." *State v. Milczewski*, 2012-Ohio-1743, ¶ 5 (8th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991). This also applies to claims of ineffective assistance of counsel, because only "[a] failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of

ineffective assistance of counsel. . . ." *Milczewski* at ¶ 5, quoting *United States v. Broce*, 488 U.S. 563, 574 (1989).

{¶ 14} We will first address Wright's contention that defense counsel was ineffective when the trial court did not explain the elements of a sexual-battery charge during the plea colloquy. Wright specifically contends that defense counsel was not effective because the trial court failed to define, or state the elements of, the amended Count 1, sexual-battery pursuant to R.C. 2907.03. He further contends that there have been multiple amendments to the sexual-battery statute in recent years and that the current version precludes "sexual activity" while the former version precluded "sexual conduct." Wright contends that it was unclear whether he was pleading to a version that included "sexual activity" or "sexual conduct" as part of its definition and thus he was not informed of the nature of the charges.

{¶ 15} "Sexual activity" and "sexual conduct" as used in R.C. 2907.02 and 2907.03 are defined is R.C. 2907.01 as follows:

> (A) "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
>
> (B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
>
> (C) "Sexual activity" means sexual conduct or sexual contact, or both.

{¶ 16} Wright was indicted on one count of rape in violation of R.C. 2907.02(A)(1), which states that "[n]o person shall engage in *sexual conduct* with another when any of the following applies: (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person." (Emphasis added.) Wright pleaded to one count of sexual battery in violation of R.C. 2907.03(A)(1).

{¶ 17} "To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in colloquy with the defendant in accordance with Crim.R. 11(C)." *State v. Meadows*, 2022-Ohio-4513, ¶ 18 (8th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C)(2) requires that during the plea colloquy, the trial court determines "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. . . ." This court has previously found that "[i]n determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court is not necessarily required to advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, provided the totality of the circumstances supports the trial court's determination that the defendant understands the charge." *State v. Wangul*, 2005-Ohio-1175, ¶ 10 (8th Dist.), citing *State v. Kavlich*, 2000 Ohio App. LEXIS 2648 (8th Dist. June 15, 2000); *State v. Rainey*, 3 Ohio App.3d 441 (10th Dist. 1982).

{¶ 18} Wright has not shown that because defense counsel did not ask the trial court to state the elements of sexual battery during the plea colloquy that

Wright's plea was not knowing and voluntary. A review of the record reveals that throughout the plea colloquy the trial court repeatedly asked if Wright understood, and he answered "yes" every time. There is nothing in the record to suggest that Wright would not have entered into the negotiated plea agreement had counsel interjected and asked the court to state the elements of sexual battery or if the elements precluded "sexual activity" versus "sexual conduct." Accordingly, Wright has failed to demonstrate that defense counsel's performance during the plea colloquy was deficient or that the outcome would have been different if counsel had interjected. Therefore, Wright has not demonstrated that defense counsel's assistance was ineffective during the plea colloquy.

{¶ 19} Wright also contends that defense counsel's assistance was ineffective because defense counsel did not move to withdraw Wright's guilty plea during the sentencing hearing or ask to pause the hearing to confer with Wright. We do not agree with Wright's contention that his statements during the sentencing hearing were protestations of innocence. Wright's statements to the trial court during the sentencing hearing appear to be attempts to mitigate or to minimize his actions. The record does not reflect that Wright expressed a desire to withdraw his guilty plea during the sentencing hearing or to speak with defense counsel. In addition, defense counsel's failure to move to withdraw Wright's guilty plea constitutes ineffective assistance of counsel only if the motion would have been granted. *See Ohio v. Marneros*, 2021-Ohio-2844, ¶ 17 (8th Dist.). In this case, Wright has not demonstrated that a motion to withdraw his guilty plea would have been granted.

Therefore, we do not find that defense counsel was ineffective at the sentencing hearing.

{¶ 20} For the reasons stated above, we find that Wright has not demonstrated that defense counsel's assistance was deficient or that Wright's defense was prejudiced.  Therefore, Wright's single assignment of error is overruled, and the sentence and conviction are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

DEENA R. CALABRESE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR