[Cite as *State v. Green*, 2026-Ohio-1287.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                             No. 115598

    v.                          :

ARTO D. GREEN, III,                     :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-659325-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Arto D. Green III, *pro se.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Arto D. Green III ("Green") appeals the trial court's denial of his postsentence motion to withdraw his guilty plea and asserts ineffective assistance of defense counsel. For the reasons stated below, we affirm the trial court's denial of Green's motion.

**Relevant Facts and Procedural History**

{¶ 2} On April 3, 2021, Green held an Uber driver at knife and gunpoint then robbed the driver of his vehicle.

{¶ 3} On May 11, 2021, a Cuyahoga County Grand Jury indicted Green on charges of aggravated robbery, a felony of the first-degree in violation of R.C. 2911.01(A)(1); grand theft, a felony of the fourth-degree in violation of R.C. 2913.02(A)(1); and having weapons while under disability, a felony of the third-degree in violation of R.C. 2923.13(A)(2). The aggravated-robbery and grand-theft charges both included one- and three-year firearm specifications.

{¶ 4} On February 14, 2022, Green pled guilty to amended charges as part of a negotiated plea agreement. Green pled guilty to aggravated robbery pursuant to R.C. 2911.01(a) with a one-year firearm specification. The remaining counts and specifications were dismissed.

{¶ 5} On March 16, 2022, the trial court sentenced Green to six years in prison for the aggravated robbery plus one year on the firearm specification to be served prior and consecutive to the sentence on the underlying charge. The Reagan Tokes Law also applied to the underlying count, and as a result Green's actual sentence was a minimum of seven years up to a maximum of ten years.

{¶ 6} On June 30 and July 1, 2025, Green filed postsentence motions to withdraw his guilty plea pursuant to Crim.R. 32.1. In the identical motions Green asserted, in part, that he has a history of mental-health challenges and was experiencing mental-health challenges at the time he entered his guilty plea. He

further asserted that defense counsel did not investigate Green's mental-health history, did not request that the case be transferred to the mental-health-court docket, and that defense counsel advised Green to plead guilty without knowing his mental-health history. The trial court denied Green's postsentence motions to withdraw guilty plea on August 25, 2025. This appeal followed.

{¶ 7} Green raises two assignments of error for our review:

I. Appellant's sixth amendment right to effective assistance of counsel was violated by court appointed counsel when mitigating factors pertaining to appellant's mental illness were not presented to the court and when counsel failed to investigate or discuss defense tactics.

II. The trial court abused its discretion and failed to liberally construe appellant's arguments in his 32.1 motion to withdraw guilty plea, when it denied the motion to withdraw without making a determination whether granting the motion is necessary to correct a manifest injustice, or granting an evidentiary hearing, in violation of his right to due process under the fifth, sixth, and fourteenth amendment[s] of the U.S. Constitution.

**Law and Analysis**

{¶ 8} In his first assignment of error, Green asserts that defense counsel was ineffective when he did not uncover Green's mental-health history, that defense counsel advised him poorly based on the lack of knowledge of Green's mental-health history, and for failing to request a transfer to the mental-health-court docket.

{¶ 9} Pursuant to the United States and Ohio Constitutions, defendants in all criminal prosecutions have the right to the assistance of counsel for their defense. *See* U.S. Const., amend. VI and Ohio Const., art. I, § 10. The United States Supreme Court has further recognized that "'the right to counsel is the right to effective

assistance of counsel.'" (Emphasis added.) *Strickland v. Washington*, 466 U.S. 668, 686 (1984), quoting *McMann v. Richardson*, 397 U.S. 759, 771, fn. 14 (1970).

{¶ 10} "To establish a claim of ineffective assistance of counsel, [the appellant] must demonstrate that (1) his counsel was deficient in some aspect of his representation and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *In re S.A.*, 2019-Ohio-4782, ¶ 46 (8th Dist.), citing *Strickland* at 687-688. On review, "judicial scrutiny of an attorney's work must be highly deferential." *Strickland* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*, citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

{¶ 11} "The failure to make a showing of *either* deficient performance *or* prejudice defeats a claim of ineffective assistance of counsel." (Emphasis added.) *State v. Davenport*, 2018-Ohio-2933, ¶ 25 (8th Dist.), citing *Strickland* at 697. To put it even more explicitly, "[t]he failure to prove either prong of Strickland's two-part test makes it unnecessary for a reviewing court to consider the other prong." *State v. McCann*, 2025-Ohio-966, ¶ 18 (8th Dist.), citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). "Deficient performance, the first prong of the Strickland test, requires a showing 'that counsel's representation fell below an objective standard of reasonableness.'" *McCann* at ¶ 18, quoting *Strickland* at 688.

{¶ 12} "In Ohio, a properly licensed attorney is presumed competent." *State v. Hamblin*, 37 Ohio St.3d 153, 155-156 (1988), citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301 (1965).  Appellate courts review claims of ineffective assistance of counsel de novo.  *State v. Munoz*, 2023-Ohio-1895, ¶ 15 (8th Dist.).

{¶ 13} "[W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." *State v. Milczewski*, 2012-Ohio-1743, ¶ 5 (8th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991).  This also applies to claims of ineffective assistance of counsel, because only "'[a] failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel'" after a guilty plea.  *Milczewski* at ¶ 5, quoting *United States v. Broce*, 488 U.S. 563, 574 (1989).

{¶ 14} "To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in colloquy with the defendant in accordance with Crim.R. 11(C)." *State v. Meadows*, 2022-Ohio-4513, ¶ 18 (8th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  Crim.R. 11(C)(2) requires that during the plea colloquy, the trial court determines "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ."

{¶ 15} Cuyahoga C.P., Gen.Div., Loc.R. 30.1 governs eligibility for the common pleas court's mental-health-court docket, and states, in relevant part:

(A)(1) Defendants with a confirmed severe mental illness with a psychotic feature or developmental disabilities, as determined by the Court's guidelines set forth in the Appendix hereto are to be assigned to an [MHDD] docket.

. . .

(C)(2)(a) In cases where it is determined after assignment to a non-MHDD judge that the defendant qualifies for the MHDD docket, the assigned judge *may* apply to the Administrative Judge for transfer of the case to the MHDD docket.

(Emphasis added.)

{¶ 16} This court has previously found that "[t]hrough the use of 'may,' the rule authorizes, but does not mandate, a transfer of a defendant to the common pleas court's mental-health docket under certain circumstances." *State v. Ellis*, 2013-Ohio-1184, ¶ 30 (8th Dist.), citing Loc.R. 30.1(C)(2). Further, defense counsel's failure to request that Green's case be transferred to the mental-health-court docket constitutes ineffective assistance of counsel only if the motion would have been granted. *See Ohio v. Marneros*, 2021-Ohio-2844, ¶ 17 (8th Dist.).

{¶ 17} In this case, there is nothing in the record to support Green's assertions that his case qualified for or would have been transferred to the mental-health-court docket. The record indicates that Green suffered from mental-health challenges as a child, specifically between the ages of seven and 13. Green was aged 20 at the time he pled guilty in this case. Nothing in the record indicates that Green was suffering from mental-health challenges at the time of the event that led to the charges, during the pendency of the case, or at the time he pled guilty. Thus, there is nothing to indicate that if defense counsel had requested a transfer to the mental-

health-court docket that the trial court would have applied for a transfer or that the administrative judge would have granted the request. In addition, Green has not established that a failure by defense counsel precluded him from entering a knowing and voluntary plea. Therefore, Green has not shown he was prejudiced when defense counsel did not discover his mental-health history or request a transfer to the mental-health-court docket. Accordingly, Green's first assignment of error is overruled.

{¶ 18} In his second assignment of error, Green asserts the trial court erred when it denied his postsentence motions to withdraw his guilty plea because a manifest injustice occurred and when the trial court did not hold a hearing prior to ruling on the motions.

{¶ 19} Crim.R. 32.1 provides, in part, that "to correct a manifest injustice the court after sentencing may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "[A] defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977), citing *United States v. Mainer*, 383 F.2d 444, 445 (3d Cir. 1967).

{¶ 20} "Manifest injustice" has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), citing *Webster's Third New International Dictionary* (1986). "This term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is

allowable only in extraordinary cases." *Smith* at 264, citing *United States v. Semel*, 347 F.2d 228, 229 (4th Cir. 1965).

{¶ 21} In this case, the manifest injustice asserted by Green is that defense counsel did not present his mental-health history to the trial court and request that the case be transferred to the mental-health-court docket. As stated above, there is nothing to indicate that Green qualified for the mental-health-court docket or that if defense counsel had requested a transfer to the mental-health-court docket that the trial court would have applied for a transfer or that the administrative judge would have granted the request. This is not an extraordinary case where a clear or openly unjust act occurred. Therefore, Green has not established a manifest injustice.

{¶ 22} Green also asserts that the trial court erred when it did not hold a hearing prior to ruling on his motions to withdraw his guilty plea. This court has previously held that a trial court is only required to hold a hearing on a postsentence motion to withdraw a guilty plea if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. D-Bey*, 2021-Ohio-60, ¶ 57 (8th Dist.), citing *State v. Norman*, 2018-Ohio-2929, ¶ 16 (8th Dist.); *State v. Vihtelic*, 2017-Ohio-5818, ¶ 11 (8th Dist.). Green has not established that the facts he alleged in his motion, if accepted as true, would require that he be allowed to withdraw the guilty plea. Therefore, the trial court was not required to hold a hearing on Green's motion to withdraw his guilty plea.

{¶ 23} Accordingly, Green's second assignment of error is overruled.

**{¶ 24}** For the reasons stated above, the trial court's denial of Green's motion to withdraw his guilty plea is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR